UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DREAMCO DEVELOPMENT CORPORATION and
ROSANNE DIPIZIO,

                               Plaintiffs,

v.                                                   Case # 15-CV-901-FPG-HKS

                                                   DECISION AND ORDER

EMPIRE STATE DEVELOPMENT
COPORATION, et al.,

                               Defendants.

## INTRODUCTION

On September 29, 2015 Plaintiffs Dreamco Development Corporation and Rosanne DiPizio filed an Amended Complaint alleging three federal law claims and five state law claims: (1) a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), by Defendants Thomas Dee, President of the Erie Canal Harbor Development Corporation ("ECHDC"), Sam Hoyt, Regional President of the Empire State Development Corporation and a member of ECHDC's Board of Directors, Mark Smith, ECHDC's "in-house" Construction Project Manager, The LiRo Group, ECHDC's "outside" Construction Project Manager, Maria Lehman, New York State Project Manager for the Peace Bridge, Phillips Lytle, LLP, ECHDC's outside legal counsel and, William J. Brennan, Esq., a partner at Phillips Lytle, LLP (the "RICO Defendants"); (2) conspiracy to violate RICO under 18 U.S.C. § 1962(d) by the RICO Defendants; (3) a violation of Plaintiffs' due process and equal protection rights under 42 U.S.C. § 1983 against the RICO Defendants; (4) a state law claim for fraud against all Defendants; (5) a state law claim for tortious interference with business relations against all Defendants; (6) a state law claim for "prima facie tort" against all Defendants; (7) a state law claim for intentional

infliction of emotional distress against all Defendants; and (8) a violation of New York Judiciary Law § 487 against Defendants Phillips Lytle, LLP, and William J. Brennan, Esq. ECF No. 49.

Before the Court are motions to dismiss filed by Defendants. ECF Nos. 71, 72, 75, 77. United States Magistrate Judge H. Kenneth Schroeder, Jr., issued a Report and Recommendation ("R&R") in which he recommends that the Court grant Defendants' motions in full and dismiss the Amended Complaint (ECF No. 49) with prejudice. ECF No. 100. Plaintiffs then filed objections to the R&R (ECF No. 103) to which Defendants responded. ECF Nos. 104-07. For the reasons set forth below, Judge Schroeder's R&R (ECF No. 100) is adopted in its entirety. Defendants' motions to dismiss (ECF Nos. 71, 72, 75, 77) are GRANTED and Plaintiffs' Amended Complaint (ECF No. 49) is DISMISSED WITH PREJUDICE.

The Court assumes the parties' familiarity with the background facts of this case given Judge Schroeder's exhaustive and thorough recitation of the facts in his R&R.

## DISCUSSION

### I. Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a motion to dismiss under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007), and "draw all reasonable inferences in Plaintiff's favor." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## II. Report and Recommendation

Generally, the Court reviews portions of the R&R to which a plaintiff makes specific objections *de novo*. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and [] be supported by legal authority." Loc. R. Civ. P. 72(b).

When a plaintiff makes only general objections to the R&R, the Court will review the R&R for clear error. *U.S. v. Gardin*, 451 F. Supp. 2d 504, 506 (W.D.N.Y. 2006). *see Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (reviewing a "bare statement, devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority" for clear error). "When performing such a 'clear error' review, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 686 (N.D.N.Y. 2015) (internal quotation marks omitted).

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court will refuse to consider new arguments not presented to the magistrate judge in the first instance. *See Hubbard v. Kelley*, 752 F. Supp. 2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's [R&R] that could have been raised before the magistrate but were not.").

**III. Objections[1]**

Plaintiffs object to two interpretations of fact (ECF No. 103 at 4-5) and to Judge Schroeder's conclusions of law recommending that the Court dismiss federal claims under 18 U.S.C. § 1962(c), 18 U.S.C. § 1962(d), and 42 U.S.C. § 1983. ECF No. 103. The Court addresses each objection below.

    **a. 18 U.S.C. § 1962(c) – RICO**

To establish a civil RICO violation under 18 U.S.C. § 1964(c), a plaintiff must plead: (1) a violation of 18 U.S.C. § 1962(c); (2) an injury to plaintiff's business or property; and (3) that defendant's violation caused the injury. *Alphas Co. of N.Y. Inc. v. Hunts Point Terminal Produce Cooperative, Inc.*, 2017 WL 1929506, 14-cv-00145, at *3 (S.D.N.Y. May 9, 2017) (quoting *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 120 (2d Cir. 2003), *abrogation on other grounds*, *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 359 (2d Cir. 2016)). To state a violation of § 1962(c), a plaintiff must allege: "(1) conduct (2) of an enterprise (3) though a pattern (4) of racketeering activity." *4 K & D Corp. v. Concierge Auctions, LLC*, 2 F. Supp. 3d 525, 535 (S.D.N.Y. 2014) (quoting *DeFalco v. Bernas*, 244 F.3d 286, 306 (2d Cir. 2001)) (internal quotation marks omitted). Only the "pattern" element is relevant here.

Pleading a "pattern" of racketeering activity requires "at least two predicate acts, [a showing] that the predicate acts are related, and that they amount to, or pose a threat of, continuing criminal activity." *4 K & D Corp.*, 2 F. Supp. 3d at 535 (quoting *Schlaifer Nance & Co. v. Estate of Warhol*, 119 F.3d 91, 97 (2d Cir. 1997)) (internal quotation marks and alterations omitted). A "predicate act" is "any act indictable for crimes enumerated under 18 U.S.C. § 1961(1)[]," *4 K & D Corp.*, 2 F. Supp. 3d at 535, which include acts of wire fraud (18 U.S.C. § 1343) and mail fraud

---

[1] Plaintiffs consent to Judge Schroeder's recommendation that both RICO claims be dismissed as to Defendant Maria Lehman. ECF No. 103 at 6 n.1. Accordingly, those claims are dismissed.

(18 U.S.C. § 1341). A plaintiff demonstrates "continuing criminal activity" by establishing either "closed-ended continuity" or "open-ended continuity." *Spool v. World Child Intern. Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008) (citing *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989)).

### i. Closed-Ended Continuity

"To satisfy closed-ended continuity, the plaintiff must prove 'a series of related predicates extending over a substantial period of time.'" *Westchester Cnty. Indep. Party v. Astorino*, 137 F. Supp. 3d 586, 608 (S.D.N.Y. 2015) (quoting *Cofacrèdit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229, 242 (2d Cir. 1999)). "[C]losed-ended continuity is primarily a temporal concept." *Westchester Cnty. Indep. Party*, 137 F. Supp. 3d at 608 (quoting *Spool*, 520 F.3d at 184) (internal quotation marks omitted). "Although there is not a bright line for what constitutes a 'substantial period of time'…the Second Circuit has '*never* held a period of less than two years to constitute a substantial period of time.'" *Westchester Cty. Indep. Party*, 137 F. Supp. 3d at 608 (quoting *Spool*, 520 F.3d at 184) (emphasis added).

Here, Judge Schroeder found that the series of predicate acts spanned nearly four months, from January 24, 2013 to May 8, 2013. ECF No. 100 at 51. The time period is insufficient to meet the temporal requirement of closed-ended continuity. ECF No. 100 at 51; *Westchester Cty. Indep. Party*, 137 F. Supp. 3d at 608. Plaintiffs objected[2] to Judge Schroeder's conclusion by claiming that the earliest predicate act occurred on April 10, 2012, and the "latest date alleged in the Amended Complaint" is September 19, 2014, satisfying the two-year threshold. ECF No. 103 at 9.

---

[2] Plaintiffs included their analysis of closed-ended continuity in the section labeled "Open-Ended Continuity." ECF No. 103 at 9.

Under both *de novo* and clear error review, the Court adopts Judge Schroeder's recommendation that Plaintiffs have failed to plausibly allege closed-ended continuity.

First, both the Amended Complaint and Plaintiffs objections fail to allege that the "contact" that occurred on April 10, 2012, was fraudulent and thus is a predicate act. The Amended Complaint merely states that Defendants Smith and LiRo "contacted" the New York State Department of Environmental Conservation and "induced" it to stop working with DiPizio Construction and Plaintiffs. ECF No. 49 at ¶ 70.

Second, both the Amended Complaint and Plaintiffs objections allege only that Defendant Hoyt's testimony on September 19, 2014, was "false." ECF No. 49, ¶ 308; ECF No. 103 at 9. Plaintiffs do not allege that Hoyt's testimony constitutes mail fraud, wire fraud, or any other predicate act under the RICO statute. *See* 18 U.S.C. § 1341, 18 U.S.C. § 1343, 18 U.S.C. § 1961(1).

Finally, Plaintiffs list a series of predicate acts beginning on January 15, 2013, and ending on May 7, 2013, and state that those acts, along with other undated, "numerous additional descriptions of emails" in the Amended Complaint "constitute predicate acts as required to establish a pattern of racketeering activity with the meaning of [18 U.S.C. § 1962(c)]." ECF No. 103 at 7-8. The time period is nearly identical to the one considered by Judge Schroeder. That time period is too short to plausibly allege closed-ended continuity under the precedent in this Circuit. *See Westchester Cty. Indep. Party*, 137 F. Supp. 3d at 608. Accordingly, the Court adopts Judge Schroeder's recommendation under both *de novo* and clear error review.

### ii. Open-Ended Continuity

"To satisfy open-ended continuity, the plaintiff . . . must show that there was a threat of continuing criminal activity beyond the period during which the predicate acts were performed."

*Spool*, 520 F.3d at 185 (quoting *Cofacrèdit*, 187 F.3d at 243). "This threat is generally presumed when the enterprise's business is primarily or inherently unlawful." *Spool*, 520 F.3d at 185 (citing *Cofacrèdit*, 187 F.3d at 242-43); *GICC Capital Corp. v. Tech. Fin. Grp., Inc.*, 67 F.3d 463, 466 (2d Cir. 1995).

"When 'the enterprise primarily conducts a legitimate business,' however, no presumption of a continued threat arises." *Spool*, 520 F.3d at 185 (quoting *Cofacrèdit*, 187 F.3d at 243). "In such cases, 'there must be some evidence from which it may be inferred that the predicate acts were the regular way of operating that business, or that the nature of the predicate acts themselves implies a threat of continued criminal activity.'" *Id.* Moreover, "an 'inherently terminable' scheme does not imply a threat of continued racketeering activity." *Cofacrèdit*, 187 F.3d at 244; *see also GICC Capital Corp. v. Tech. Fin. Grp., Inc.*, 67 F.3d 463, 466 (2d Cir. 1995) ("It defies logic to suggest that a threat of continued looting activity exists when, as plaintiff admits, there is nothing left to loot.").

Judge Schroeder found that Plaintiffs did not plausibly allege open-ended continuity for three reasons: (1) Defendants are engaged in legitimate businesses; (2) Defendants do not commonly engage in mail and wire fraud together; and (3) there is no threat that the alleged criminal conduct will continue beyond the Erie Canal Inner Harbor Project. ECF No. 100 at 53. Plaintiffs object by arguing that a threat of continuing criminal activity exists because (1) Defendant ECHDC ratified Defendant Dee's termination of the Construction Agreement with DiPizio Construction eighteen months after termination; and (2) Travelers Casualty and Surety Company of America continues separate, related litigation in state court. ECF No. 103 at 9-10. Plaintiffs provide specific objections to Judge Schroeder's recommendation, so the Court reviews it *de novo*.

7

The Court adopts Judge Schroeder's recommendation that Plaintiffs fail to plausibly allege open-ended continuity. Plaintiffs admit that Defendants are "primarily involved in legitimate businesses" (ECF No. 103 at 9) and provide no allegations to infer that the predicate acts were the regular way Defendants operated. *Spool*, 520 F.3d at 185 (quoting *Cofacrèdit*, 187 F.3d at 243).

Additionally, Plaintiffs have not plausibly alleged that "the nature of the predicate acts themselves implies a threat of continued criminal activity." *Id.* Indeed, "it defies logic" to suggest a threat of continued mail and wire fraud exists when the scheme that Plaintiffs allege—*i.e.*, that they were falsely blamed for delays in completing Phase 3A of the Inner Harbor Project as a pretext for wrongfully terminating DiPizio Construction, and Plaintiffs, and replacing them with a politically-connected company (ECF No. 49 at 1-2)—is completed. *See GICC Capital Corp.*, 67 F.3d at 466. Defendants could continue to falsely blame Plaintiffs for the delays via mail and wire fraud, but Plaintiffs' objections do not allege that Defendants will do so. More importantly, even if Defendants did so, they cannot continue to achieve the goal of their alleged, "inherently terminable" scheme. *Cofacrèdit*, 187 F.3d at 244; *GICC Capital Corp.*, 67 F.3d at 466. Accordingly, the Court adopts Judge Schroeder's recommendation Plaintiffs fail to plausibly allege open-ended continuity.

Plaintiffs have failed to plausibly allege both closed-ended and open-ended continuity.[3] Plaintiffs thus fail to plausibly allege a claim under 18 U.S.C. § 1962(c). Consequently, the Court adopts Judge Schroeder's recommendation to dismiss the claim.

### b. 18 U.S.C. § 1962(d) – Conspiracy to Violate RICO

Because Plaintiffs do not plausibly allege a violation of 18 U.S.C. § 1962(c), the Court adopts Judge Schroeder's recommendation and the claim for RICO conspiracy under 18 U.S.C. §

---

[3] Both Judge Schroeder and Plaintiffs address the enterprise requirement of an 18 U.S.C. § 1962(c) claim. The Court need not address the requirement since Plaintiffs fail to plausibly allege the continuity requirement.

1962(d) is also dismissed. *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 182 (2d Cir. 2004); *see also Cofacrèdit*, 187 F.3d at 244; *Discon, Inc. v. NYNEX Corp.*, 93 F.3d 1055, 1064 (2d Cir. 1996) ("Since we have held that the prior claims do not state a cause of action for substantive violations of RICO, the present claim does not set forth a conspiracy to commit such violations."), *vacated on other grounds*, 525 U.S. 128, 119 (1998).

### c. 42 U.S.C. § 1983 – Equal Protection and Due Process

To state a claim under § 1983, a plaintiff must allege two elements: (1) "the violation of a right secured by the Constitution and laws of the United States," and (2) "the alleged deprivation was committed by a person acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87-88 (2d Cir. 2015) (quoting *Feingold v. New York*, 366 F.3d 138, 159 (2d Cir. 2004)). "Because the United States Constitution regulates only the Government, not private parties," a plaintiff must show that "the challenged conduct constitutes 'state action.'" *Grogan v. Blooming Grove Volunteer Ambulance Corps*, 768 F.3d 259, 263 (2d Cir. 2014) (quoting *Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d 178, 186 (2d Cir. 2005)). To demonstrate state action, a plaintiff must establish both that her "alleged constitutional deprivation [was] caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible, and that the party charged with the deprivation [is] a person who may fairly be said to be a state actor." *Grogan*, 768 F.3d at 263-64 (quoting *Cranley v. Nat'l Life Ins. Co. of Vt.*, 318 F.3d 105, 111 (2d Cir. 2003) (internal quotation marks omitted). "The latter requirement…is met upon a showing that the 'allegedly unconstitutional conduct is fairly attributable to the State.'" *Id.* at 264 (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). "A plaintiff complaining that the actions of a nominally private entity violated her constitutional rights makes this showing by demonstrating

9

that there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Id.* (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).

"This determination 'is a matter of normative judgment' that does not lend itself to brightline rules or 'rigid' criteria. *Id.* (quoting *Brentwood Acad.*, 531 U.S. at 295). "Instead, there are a host of factors that can bear on the fairness of an attribution of a challenged action to the State." *Id.* (quoting *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012)) (internal quotation marks omitted). The Supreme Court has used various tests "over the years to determine whether the acts of a private entity are fairly attributable to the state…." *Id.*

> Our cases have identified a host of facts that can bear on the fairness of such an attribution. We have, for example, held that a challenged activity may be state action when it results from the State's exercise of "coercive power," [*Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)] when the State provides "significant encouragement, either overt or covert," [*id.*], or when a private actor operates as a "willful participant in joint activity with the State or its agents," [*Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 941 (1982)] (internal quotation marks omitted). We have treated a nominally private entity as a state actor when it is controlled by an "agency of the State," *Pennsylvania v. Bd. of Directors of City Trusts of Philadelphia*, 353 U.S. 230, 231 [] (1957) (per curiam), when it has been delegated a public function by the State, *cf.*, *e.g.*, [*West v. Atkins*, 487 U.S. 42, 56 (1988)]; *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 627-628 [] (1991), when it is "entwined with governmental policies," or when government is "entwined in [its] management or control," *Evans v. Newton*, 382 U.S. 296, 299 [] (1966).

*Brentwood Acad.*, 531 U.S. at 296.

Plaintiff Rosanne DiPizio alleges that the RICO Defendants violated her due process and equal protection rights, giving rise to claims under 42 U.S.C. § 1983. ECF No. 49 at 69-71. The Court addresses each claim below.

### i. Equal Protection

"[F]or a § 1983 discrimination claim to survive…a motion to dismiss, a plaintiff must plausibly allege a claim under the same standards applicable to a Title VII claim…." *Vega*, 801 F.3d at 88. "[T]o defeat a motion to dismiss… in a Title VII discrimination case, a plaintiff must plausibly allege that (1) the employer took adverse action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Id.* at 87. "[A]n 'adverse employment action' is 'more disruptive than a mere…alteration of job responsibilities.'" *Miller v. Praxair, Inc.*, 408 Fed. App'x 408, 410 (2d Cir. 2010) (quoting *Galabya v. N.Y.C. Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000)). "Instead, typical examples of actionable adverse employment actions include 'termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, [or] significantly diminished material responsibilities.'" *Id.* (alteration in original).

Judge Schroeder recommends dismissing Plaintiff Rosanne DiPizio's equal protection claim since she neglects to plausibly allege state action. ECF No. 100 at 57. DiPizio attempts to specifically object to the recommendation using three counterarguments. First, she argues that the termination of Dreamco's contract with DiPizio Construction is not the "thrust of Plaintiffs' Amended Complaint;" instead, Defendants intended to "injure Plaintiffs personally and professionally" through an "illegal conspiracy…to deprive [Plaintiffs] of their rights to due process and equal protection in violation of the Fifth and Fourteenth Amendments." ECF No. 103 at 11. Next, she argues that the cancellation of the contract between Dreamco and DiPizio Construction was a formality after the Defendant state actors' "wrongful termination of ECHDC's Contract with [DiPizio Construction]…." *Id.* at 12. Finally, she argues that "Defendants' adverse actions [] directly targeted…Plaintiffs…and injured them directly." *Id.* at 16-18. DiPizio provides no legal

authority to either support any of her arguments. Because she neglected to specifically address Judge Schroeder's objection and her lack of any legal authority to support her arguments, the Court reviews Judge Schroeder's recommendation for clear error. Loc. R. Civ. P. 72(b); *see Mario*, 313 F.3d at 766. The Court finds no clear error in Judge Schroeder's recommendation.

Even if the Court reviewed Judge Schroeder's recommendation *de novo*, however, DiPizio fails to plausibly allege state action. The only adverse employment action Plaintiffs allege is their termination by DiPizio Construction. ECF No. 103 at 12. Plaintiffs do not allege that the termination was state action. Both the Amended Complaint and Plaintiffs' objections are devoid of any plausible allegation that DiPizio Construction's termination fits any of the tests for state action outlined in *Brentwood*. DiPizio does not allege that DiPizio Construction was coerced, encouraged, a willful participant in joint activity, controlled by a state agency, delegated a public function, or entwined with governmental policies, management, or control. *See Brentwood Acad.*, 531 U.S. at 296. This too is insufficient under the precedent of this Circuit and the Supreme Court. Accordingly, the Court adopts Judge Schroeder's recommendation that the Court dismiss Plaintiff DiPizio's equal protection claim under § 1983.

### ii. Due Process

"The Due Process Clause of the Fourteenth Amendment requires that, generally, a person must be afforded the opportunity for a hearing prior to being deprived of a constitutionally protected liberty or property interest." *Patterson v. City of Utica*, 370 F.3d 322, 329 (2d Cir. 2004) (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 569–70 & n.7 (1972)). "A person's interest in his or her good reputation alone, apart from a more tangible interest, is not a liberty or property interest sufficient to invoke the procedural protections of the Due Process Clause or create a cause of action under § 1983." *Patterson*, 370 F.3d at 329-30 (citing *Paul v. Davis*, 424 U.S. 693, 701 (1976)).

"Loss of one's reputation can, however, invoke the protections of the Due Process Clause if that loss is coupled with the deprivation of a more tangible interest, such as government employment. *Patterson*, 370 F.3d at 330 (citing *Roth*, 408 U.S. at 572–73). "This type of claim is commonly referred to as a 'stigma-plus' claim." *Id.*

To establish a stigma-plus claim, "a plaintiff must show (1) 'the utterance of a statement sufficiently derogatory to injure…her reputation, that is capable of being proved false, and that…she claims is false,' and (2) 'a material state-imposed burden or state-imposed alteration of the plaintiff's status or rights.'" *Vega v. Lantz*, 596 F.3d 77, 81 (2d Cir. 2010) (citing *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004) (Sotomayor, J.)). "[T]he 'plus' imposed by the defendant must be a specific and adverse action clearly restricting the plaintiff's liberty—for example, the loss of employment,…or the 'termination or alteration of some other legal right or status.'" *Velez v. Levy*, 401 F.3d 75, 87-88 (2d Cir. 2005) (citing *Neu v. Corcoran*, 869 F.2d 662, 667 (2d Cir. 1989)) (internal citations omitted). The "other legal right or status" includes a tangible burden on future employment prospects operating by law. *See Valmonte v. Bane*, 18 F.3d 992, 1001 (2d Cir. 1994)); *A.F.C. Enters. v. N.Y.C. Sch. Constr. Auth.*, No. CV–98–4534 CPS, 1999 WL 1417210, at *12 (E.D.N.Y. June 29, 1999).

Judge Schroeder recommends dismissing DiPizio's due process claim since she fails to plausibly allege a material state-imposed burden or state-imposed alteration of her status or rights.[4] ECF No. 100 at 60-61. DiPizio objects, arguing that Defendants' defamatory statements caused Plaintiffs "to lose the Inner Harbor Phase 3A Project" and resulted in "the termination of [Plaintiffs] contract for work" on the Project. ECF No. 103 at 19-20. She also argues that Defendants' statements "are sufficiently targeted and specific as to attack the very heart of

---

[4] The Court need not address the first prong of a stigma-plus claim, since DiPizio fails to plausibly allege the second prong.

[Plaintiffs] professional competence" (*Id.* at 19 (internal quotation marks omitted)) and that Defendants' statements caused Plaintiffs to incur "future economic loss." *Id.* at 19-20. Since DiPizio provides specific objections to Judge Schroeder's recommendation, we review it *de novo*.

The Court adopts Judge Schroeder's recommendation to dismiss DiPizio due process claim. Both the Amended Complaint and DiPizio's objections fail to plausibly allege state action and a material state-imposed burden or state-imposed alteration of her status or rights. In her first objection, DiPizio appears to allege that Defendants' defamatory statements led to a loss of government employment. ECF No. 103 at 19-20. As Judge Schroeder concluded, however, "[DiPizio] was not employed by a state agency. She had no contractual relationship with a state agency. Dreamco's contract with DiPizio Construction was not terminated by a state agency." ECF No. 100 at 60. Additionally, as with her equal protection claim, DiPizio fails to allege how DiPizio Construction's termination fits any of the tests for state action outlined in *Brentwood*. *See Brentwood Acad.*, 531 U.S. at 296.

Next, DiPizio appears to argue that she has plausibly alleged facts that satisfy the second prong of the stigma plus test as outlined in *A.F.C. Enters*. ECF No. 103 at 19. DiPizio, however, misunderstands the Court's conclusion in that case. The Court found that the plaintiff satisfied the first prong of its stigma-plus claim by alleging that the defendants' statements went "to the very heart of [the plaintiff's] professional competence...." *A.F.C. Enters.*, 1999 WL 1417210, at *12. The Court then found that the plaintiff had satisfied the second prong of the claim by alleging a "'tangible burden' on [the plaintiff's] future employment prospects" since "as a direct result of defendants' misrepresentations, it was deemed to a [sic] non-responsible bidder and suffered a de facto debarment from city contracts" by operation of law. *Id.* at *12-13. The allegedly false statements from the defendants led to a determination that the plaintiff was a "non-responsible"

14

bidder for city contracts. *Id.* at *12. That determination was included in a database which government officials were required by law to consult before awarding any city contracts. *Id.* at *13. Consequently, each time the plaintiff bid for a city contract, officials would review the negative information associated with the plaintiff before awarding the contract. *Id.*

Here, DiPizio has alleged no such "tangible burden" on her future employment prospects. She has alleged only "future economic loss" (ECF No. 103 at 20), "severely diminished" income, (ECF No. 49-3 at 15, ¶¶ 379, 381) and a loss of "work" and "business." (ECF No. 49-3 at 15, ¶¶ 377-78). She fails to allege any tangible burden placed on her future employment prospects operating by law that result from the allegedly defamatory statements of the Defendants. *See A.F.C. Enters.*, 1999 WL 1417210, at *12-13; *TADCO Constr. Corp. v. Dormitory Auth. of N.Y.*, 700 F. Supp. 2d 253, 267 (E.D.N.Y. 2010) (dismissing stigma-plus claim of general contractor terminated by state agency for failing to allege a tangible burden on future employment prospects); *Jana-Rock Constr., Inc. v. City of Syracuse*, No. 5:05-CV-1191 (FJS/GJD), 2007 WL 3274801, at *1-5 (N.D.N.Y. Nov. 5, 2007) (dismissing stigma-plus claim of general contractor terminated by city for failing to allege the defendant "[took] any additional action to prevent Plaintiff's future employment").

Accordingly, the Court adopts Judge Schroeder's recommendation that the Court dismiss the 42 U.S.C. § 1983 claim for violations of DiPizio's due process and equal protection rights. Accordingly, the claim is dismissed.

### d. Conspiracy to Violate § 1983

Plaintiffs allege a conspiracy under 42 U.S.C. § 1983 for the first time in their objections to Judge Schroeder's R&R. ECF No. 103 at 13-15. Because the claim was not raised before

15

Plaintiffs objections to the R&R, the Court will not consider it.  *See Hubbard*, 752 F. Supp. 2d at 312-13.

**IV.     State Law Claims**

"In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well."  *Delaney v. Bank of America Corp.*, 766 F.3d 163, 170 (2d Cir. 2014) (quoting *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir.1998)) (internal quotation marks omitted).

Plaintiffs do not object to Judge Schroeder's recommendation to dismiss their state law claims if their federal claims are dismissed.  ECF No. 103 at 21.  The Court finds no clear error in Judge Schroeder's recommendation.  Accordingly, Plaintiffs' state law claims are dismissed.

**V.      Leave to Amend**

Plaintiffs object in form to Judge Schroeder's recommendation to dismiss the Amended Complaint (ECF No. 49) with prejudice.  ECF No. 103 at 2, 13 n.2, 15 n.4.  Plaintiffs fail, however, to request leave to further amend the complaint and do not provide any additional facts or law to counter Judge Schroeder's recommendation.  The Court again finds no clear error in Judge Schroeder's recommendation.  *See LaFlamme v. Societe Air France*, 702 F. Supp. 2d 136, 155 (E.D.N.Y. 2010) (dismissing amended pleading where plaintiff "neither requested any further leave to re-plead nor suggested any additional facts that would merit an amended pleading.") (citing *Horoshko v. Chase Manhattan Mortg. Corp.*, 373 F.3d 248, 249 (2d Cir. 2004) (per curiam)).  Accordingly, the Amended Complaint is dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Judge Schroeder's R&R (ECF No. 100) is adopted in its entirety. Defendants' motions to dismiss (ECF Nos. 71, 72, 75, 77) are GRANTED and Plaintiffs' Amended Complaint (ECF No. 49) is DISMISSED WITH PREJUDICE. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: September 25, 2017
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court